## Stearly's Appeal.

*Compensation of Trustees.—Liability for Interest.*

1. A trustee cannot claim compensation for services self-imposed, and resulting from his own wrong.

2. A trustee is liable for interest on moneys received by him, which he neither invested nor paid over in compliance with the duties of his trust.

APPEAL from the Common Pleas of *Philadelphia.*

This was an appeal by Jacob Stearly from the decree of the Common Pleas upon his final account as trustee, and administrator *c. t. a.* under the will of Henry Apple, deceased.

Jacob Stearly was, on the 3d of April 1830, appointed trustee under the will of Henry Apple, and as such filed accounts annually, which were admitted to be correct, and receipts and acquittances given by the parties in interest until after the death of the widow, which took place in 1850.

In the month of March 1851, claiming to act as trustee, and also as administrator of the estate of the decedent, having obtained an order of sale from the Orphans' Court, he made sale of the said estate, then consisting of ground-rents, and of two other pieces of real estate. The amount of said sale, as returned by the trustee, was $23,873.40. The only parties interested in the trust property were Solomon and Daniel Apple, who were entitled to one half, and the grandchildren of the testator (represented by their respective guardians, Amor Walker and Jesse Alexander), who were entitled to the other half among them. In the return of sale made to the Orphans' Court, made February 6th 1852, the two pieces of real estate were returned as sold to Walker and Alexander. The one, at Fourth and Brown streets, for $8500; the other, on Germantown Road, for $3125. After this sale a statement of the trust property was made by the trustee, and Solomon and Daniel Apple agreed that the guardians of the minors should have the said properties at the prices mentioned, while the cash proceeds of the sale should be paid to them; upon this agreement they received one-half of the sum, $23,873.40, less ten per cent., which they allowed the trustee to retain for his commissions. This arrangement appears to have been in accordance with an agreement made in December 1851, by which Solomon and Daniel Apple consented that Walker, representing the minors, should have the Fourth and Brown streets property for the amount named.

The guardians claimed to receive from the trustee the two properties bought by them, but he refused to convey to them unless a commission of ten per cent. on the whole proceeds of

the property should be allowed to him, he alleging that they had agreed to such an allowance. The guardians denied that any such agreement was ever made, and upon his continued refusal to convey the properties without the payment to him of the purchase-money, or the allowance of his claim, applied for and obtained from the Orphans' Court an order upon him to convey the Fourth and Brown streets property to them, which was accordingly done.

In June 1853, pending this dispute, and before the order of the court was obtained, the trustee filed an account, in which he claimed credit for the commission of ten per cent. on the amount. of property in his hands. In this account he charged himself with the amount of the house and ground rent collected between the 16th of March 1848 and the date of the sale of the trust estate, and with interest during the same time upon $400 money in his hands, balancing this debit by credits for taxes, repairs, counsel fees, legal expenses, &c., and annual payments of the net income to old Mrs. Apple and to Messrs. Walker and Alexander, the guardians. He also charged himself with the gross proceeds of the sale of the trust estate, exclusive of the properties at Fourth and Brown streets and on the Germantown Road, and the principal of the $400 above mentioned, claiming also the following credits, viz.:

Expenses of sale of trust estate $362.05; a commission of ten per cent. on the gross amount of the sale of the trust property, including the real estate at Brown and Fourth streets and on the Germantown Road, $2427.34; amount paid Solomon Apple and Daniel Apple in full settlement of their portion of the estate, $10,722.

This account also contained a statement of house and ground rents collected from the real estate above mentioned after the sale, amounting to $721, and he claimed credit for taxes, repairs, &c., for $102.29, and also a commission of ten per cent. on the amount of collections.

The account was referred to William D. Baker as auditor, to adjust it and report distribution. In his first report, the auditor struck out the following credits, viz.:—1. Commission of ten per cent. on the gross amount of the sale of the trust estate, $2427.34. 2. Two items of $265.90 each, claimed to have been paid to the guardians May 8th 1852, as their share of the year's income, but which was not paid, making $531.80. 3. One-half the commission of ten per cent. charged on the collection of house-rents before the sale, which, with interest to March 1856, was equal to $332.22, which, with certain surcharges, left in the hands of accountant a balance of $5253.15, and which (less the expenses of audit) was distributed to the guardians.

To this report exceptions were filed for the accountant. The

Common Pleas sustained several of the exceptions, and recommitted the account to the auditor for correction and re-examination, according to the principles stated in an opinion which was filed. The account was then restated by the auditor, in which accountant was charged with the proceeds of the sale of the real estate (except the Germantown Road property), and the reserve ground-rents which were withheld from the *cestui que trust*, and with the $400 which had been for some time in the accountant's hands, making together $21,148.40, and credited with the following items, viz.:—1. Expense of selling real estate, $352.05. 2. The share of Solomon and Daniel Apple in full, $10,722. 3. Amount retained as commission on S. and D. Apple's share of net proceeds of real estate, to wit, the difference between $10,722, paid as above, and $11,960.67, which was one-half the net proceeds of sale of real estate, as also credit for the property on Fourth and Brown, which had been debited in the account and conveyed to the guardians, leaving a cash balance in the hands of accountant belonging to the guardians' half of the estate.

To this the auditor added interest from March 8th 1852, $190.77, and then surcharged the accountant as follows:—1. To interest on $8500, the valuation of the Fourth and Brown streets property from January 2d 1853, (the date of the last item of rent charged), down to the time it was conveyed to the guardians, $340. 2. To four years' ground-rent on the Germantown Road property, $880, to which was added $92.40 interest on semi-annual collections. 3. The two items of $265.90, said to have been paid the guardians March 8th 1852, $531.80, with $175.45 interest from March 8th 1852. 4. Surcharge of commissions upon collections of rents collected before sale, viz., one-half the amount of per centage charged upon one-half the amount of rents collected, $163.11. 5. Balance of rents collected from the property sold to guardians after sale (debited in account after deducting expenses and credits claimed against it), $618.71, to which was added $157.77, interest from June 2d 1855, date of last item. 6. One-half expense of audit, $162, making together $3571.19. From which he deducted $55, amount of commissions at 5 per cent. allowed upon collection of ground-rents from Germantown road and other property, leaving a net balance of $3516.19, which was distributed as before.

In reviewing this report the Common Pleas decided in substance that nothing could be properly included in the account which was not in existence when it was referred to the auditor in September 1853, striking out the charge of $8500 for the Fourth and Brown street property, which was not sold by accountant until February 7th 1854, with the interest charged thereon, $340. The four years' rent on the Germantown Road property and interest thereon, making $972.41, and the items

of $110.77, $175.45, and $157.77, for interest brought down to 1858, all which, with the question of the ten per cent. commissions, the court held were proper for consideration in a subsequent account. The division of the expenses of the audit was allowed, and a decree made in accordance with this opinion, February 20th 1858. The trustee then appealed to the Supreme Court, where the decree of the Common Pleas was affirmed, February 28th 1859, at the costs of the appellant. On the 26th of March 1859, a rule for an attachment against the trustee for not paying the amount due to the *cestui que trust*, was made absolute, under which he paid to the guardians $1591.68, the sum due as per decree, with interest and costs.

On the 2d of April the trustee filed what was intended as a final statement and settlement of his trust. The items on the debit side from June 6th 1853 to February 19th 1854 inclusive (except one of $110) consisted of house-rent collected from the property at Fourth and Brown streets, between the date of the previous account and the conveyance to the *cestui que trust*, amounting to $300.37. The $110 was ground-rent from the Germantown Road and Cadwalader street property, from the date of the previous account until the ground-rents were assigned to the *cestui que trust*.

There were also debits of $8500 and $3125, the prices at which he returned the property at Fourth and Brown, and that at Germantown Road and Cadwalader street, as sold to the guardians. Also, one for ground-rent and interest, $511.70, without saying whence it was derived. Error in former account, $531.80 (admitted to be wrong), and an error on item $681.17, in former account of $546.61. Among the credits claimed were as follows: Paper-book to Supreme Court, $10; counsel's fee, $50; witnesses at audit, $15.50; making out writing and citation in court, $8.26; counsel's fee in Apple's Estate, $20; which were objected to as expenses incurred by trustee for his own private interests. This objection was sustained by the auditor.

The trustee claimed credit for $5, paid for making copy of the former report; $12 for writing and recording the deeds by which W. H. Stearly conveyed the ground-rents reserved on the Germantown Road property to the trustee; as also $162.50 for half the expenses of the former audit; and $176.02 for half the expense of selling the real estate; all which were objected to and disallowed by the auditor.

There were also credits for commissions claimed by the trustee, amounting to $1580.86. The largest item of this class was one of $1162.50, being ten per cent. on the amount of the sales of the Fourth and Brown, Germantown road, and Cadwalader street properties. This was claimed in virtue of the alleged agreement with the *cestui que trusts* in 1830, and which he averred had been.

acquiesced in until 1852. This the guardians refused to allow, as it was the prominent matter between the parties under the previous account.

This item the auditor rejected, on the ground that there was no agreement of this kind proved, at least so far as the guardians were concerned; and because, also, he had forfeited his commissions by misconduct in retaining the estate in his own hands for the purpose of enforcing his unfounded demands, and thus occasioning expensive and protracted litigation, &c. The other claims of $166.11, $72.10, $51.17, $129.08 for commissions before account was filed, and on ground-rent and interest collected, were also rejected.

The auditor then surcharged the accountant with $15, received as ground-rent on a lot in Apple street, but retained by accountant as indemnity against a covenant which he had made to hold the purchaser harmless on account of an outstanding ground-rent. He was also surcharged with interest on the trust-money in his hands, from the time of receipt until the filing of this account. Certain credits for Supreme Court expenses were rejected and the account restated, showing a balance of $3007, which, after after deducting $150 for expenses of audit, was distributed in equal shares to Amor Walker and Jesse Alexander, the guardians of testator's grandchildren.

To this report, *Goodman* and *Hirst* for accountant, and Mr. *Gowan* for the guardian, filed exceptions, but they produced no change in the decision of the auditor. The Common Pleas, in reversing the auditor's report, made the following decree:—

"And now, June 30th 1860, this case having come on to be heard upon exceptions to the report of the auditor, filed December 10th 1859, and having been argued by counsel, it is adjudged and decreed that so much of said report as denies commissions to the accountant be set aside, and that commissions at the rate of three per cent. be allowed upon the sum of $11,625, the proceeds of the two properties sold by him, to wit, $348.75, and that the item of $511.70 be stricken from the amount charged against the accountant, said item having been improperly included in his account, which sums being deducted from the balance of $2664.60, as stated by the auditor, will leave the sum in the hands of the accountant,

"On the 2d of April 1858,        $1804.15
"To which interest being added up to the 2d of December 1859 (two years and eight months,)    180.41
_____
"Will show the entire amount due him to be    $1984.56

It is further decreed that the expenses of the audit be paid out of the funds of the estate, and that the said sum of $1984.56 be paid by the accountant, as follows, viz.:

[Stearly's Appeal.]

| | |
|---|---|
| " Auditing expenses, | $150.00 |
| " To Amos Walker, guardian, | 917.28 |
| " Jesse Alexander, guardian, | 917.28 |
| | 1984.56" |

The case was then removed into this court as above stated where the following matters were assigned for error :—

1. The court below erred in disallowing commissions to the appellant.

2. The court below erred in charging appellant with interest on the sums in the account stated by the auditor.

3. The court below erred in disallowing the sums charged in the appellant's account for counsel fee and necessary expenses.

4. The court below erred in awarding the $125 mentioned in the report as the proceeds of the sale of ground-rent without providing for indemnity to the appellant.

5. The court erred in decreeing the whole balance to the appellees, instead of one-half, and in charging appellant with interest upon interest.

6. The court erred in charging the accountant with $22.72 and $44, sums allowed in the former decree.

*James Goodman* and *William L. Hirst*, for appellant.

*James E. Gowan*, for appellees.

The opinion of the court was delivered, March 25th 1861, by

THOMPSON, J.—The accounts of this appellant have been so often before auditors and courts, it would be strange if anything still remained for serious controversy. After a careful study of all the reports, and the opinions of the courts upon them, and making ourselves acquainted with all the proceedings from first to last in this troublesome trust, and so with the merits of the exceptions now before us, we are constrained to say, that we see nothing to change or modify in the decree of the Common Pleas. The reasons given by the auditor for the non-allowance of commissions on the sum of $1290.87 are satisfactory. It plainly appears that the collection of the rents, aggregating that sum, was an unnecessary and self-imposed duty, resulting from what might be called a perverse withholding of a conveyance of the property from whence they were derived. Had the conveyance been made, the collections would not have been required to have been made by the appellant. Under such circumstances, the trustee could not claim compensation for services resulting from his own wrong. Nor do we see any error in charging him with the interest on the sums so received. If he neither invested them nor paid them over, he is, according to every precedent, charge-

able with interest—there being no pretence that there were debts liable to call for payment out of them. Nor can we say that there is error in any other part of the interest account. The result may be somewhat severe on the appellant, but he might, we think, have avoided much of the severity if he had been less litigious himself.

We have not been able to comprehend the objection to the distribution, even if the appellant had a right to make it. The guardian of the children of Walker and of Alexander were entitled to the balance of the estate; the Apples having already received their share, and the distribution was so decreed, and it was right.

In consideration of the pendency of the exceptions and the nature of the case, we will affirm the decree of the Common Pleas, without calculating interest since the date of the decree.

> Now, to wit, March 25th 1861, the decree of the Court of Common Pleas affirmed, as of June 30th 1860, without interest from this date. The costs to be paid by the appellant.