## Whitecar's Estate.    Webb's Appeal.

*Trusts and Trustees—Neglect to invest—Advice of Counsel.*

It is supine negligence for a trustee to permit a fund of $2,900 to remain for fifteen years on deposit in a saving fund; and his negligence is not excused by the fact that he at one time tried to find an investor but failed, that the cestui que trust was not dependent upon the fund, and that his leaving the fund on deposit was done under advice of counsel. In such a case a surcharge of one per cent per annum will not more than represent the loss to the cestui que trust.

Argued Jan. 29, 1892. Appeal, No. 112, Jan. T., 1892, from decree of O. C. Phila. Co., Jan. T., 1891, No. 164, dismissing exceptions to the adjudication of the account of Charles R. Webb, trustee under the will of Enos Whitecar, deceased. Before Paxson, C. J., Sterrett, McCollum, Mitchell and Heydrick, JJ.

At the audit before Ferguson, J., it appeared that in November, 1876, certain loans received by the trustee and held by him as an investment for the trust were paid off. Whereupon the trustee deposited the money in the Western Saving Fund, which for a short time paid 4 per cent interest, which was then reduced to 3½, and on January 1, 1883, to 3 per cent. On October 31, 1888, another loan was paid off and a deposit of this money amounting to $725.87 was made upon which 3 per cent interest was allowed on $500, and none whatever upon the balance.

Other facts appear by the opinion of the court below, by Ashman, J., which was as follows:

" It would be difficult to frame an excuse which would absolve a trustee from the charge of supine negligence, who has permitted a trust fund of $2,900 to remain on deposit in a saving fund for fifteen years; at all events this accountant has not presented it. Neither the fact that the cestui que trust was not dependent upon the income of the fund for her living, and for a time did not object to his course, nor the fact that years ago he sought an investment for the money and failed, can be accepted as proof that the trustee used that care and diligence in the management of the trust which he would be likely to bestow upon his own property. The cestui que trust was old and infirm, and resided in another state, and she did complain repeatedly of the meagre income she was receiving from the estate. She had a right, under the will, to the product of a well secured investment, whether she was relatively rich or relatively poor. The accountant alleged that his then counsel had told him he might safely continue the deposit. He did not say, however, that he understood this to mean that he was at liberty to continue it forever; and besides, even the advice of counsel will not justify a man in abandoning his own common sense.

" We agree with the auditing judge that a surcharge of 1 per cent per annum will not more than represent the loss to the cestui que trust by the failure to invest; but we find that $725 was inadvertently calculated as forming part of the fund in 1876, when it was not in fact included therein until 1888. The surcharge is accordingly reduced to $455.10, and with this correction the adjudication is confirmed."

*Error assigned* was the confirmation of adjudication.

*Robert H. Hinckley,* for appellant.

*Henry R. Edmunds,* for appellee, was not heard.

PER CURIAM, February 8, 1892.

We affirm this decree upon the opinion of the learned judge of the orphans' court, and dismiss the appeal at the costs of the appellant.