## Hiyer *v.* Hayward.

*Practice, C. P.—Sci. fa. sur mortgage—Widow and heirs as parties.*

It is not necessary in a scire facias upon a mortgage, which became a lien upon real estate in the lifetime of the decedent to make his widow and heirs parties thereto. The requirements of the Act of February 24, 1834, P. L. 80, do not apply. Taylor v. Young, 71 Pa. 81.

*Practice, C. P.—Evidence—Use plaintiff—Assignment of mortgage.*

The use plaintiff in a scire facias upon a mortgage, where the mortgagee is upon the record as the legal plaintiff, is not bound to prove the assignment under which he claims, in order to recover.

Argued May 9, 1900. Appeal, No. 81, April T., 1900, by defendant, in a suit of Anthony Hiyer et al., for use of Katharine S. Venter, against Samuel Rill, in the hands of John H. Hayward, administrator of the estate of Samuel Rill, deceased, from judgment of C. P. No. 3, Allegheny Co., May T., 1899, No. 69, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Sci. fa. sur mortgage. Before McCLUNG, J.

It appears from the record that before the appeal the administrator defendant sought to have the heirs added as parties and on his motion the names were suggested. The motion was overruled and exception noted for defendant.

At the trial the mortgage was offered in evidence and that was followed by the offer of the assignment of the mortgage to the use plaintiff, which was objected to without proof. At

this point the court ruled that the proof of the assignment to the use plaintiff must be made if demanded. The proof was not made. At the close of the case the defendant raised the question by a point that the use plaintiff could not recover on the evidence submitted, the assignment not being proved. The court refused the point and charged that the jury should find a verdict for the use plaintiff and sealed a bill for defendants.

Verdict and judgment for plaintiff for $591.10. Defendant appealed.

*Errors assigned* were (1) in overruling motion of defendant to make the heirs of Samuel Rill parties, which motion and the ruling thereon was as follows: " And now, September 18, 1899, on hearing of the within motion and argument of counsel, the motion is refused and bill sealed for defendant." (2) In refusing defendant's point, as follows: " That on the evidence as submitted, the use plaintiff is not entitled to recover. This point is refused."

*Marcus C. Acheson*, for appellant.—The defendant is administrator and simply requests the use plaintiff to prove up his case. He must show title to the bond: Berks Co. v. Levan, 86 Pa. 360.

The holder of the bond may not be a party to this action and is not concluded by this judgment. So far as this record goes the use plaintiff may have no interest whatever.

*Joseph Crown*, for appellee.—It is well settled that it is unnecessary to bring in the widow, heirs or the devisees under Act of February 24, 1834, P. L. 70, sec. 34: Taylor v. Young, 71 Pa. 81; Colenburg v. Venter, 173 Pa. 113; Messmore v. Williamson, 189 Pa. 73.

Where recording an instrument under the acts of assembly is discretionary, and the instrument is recorded, all the incidents and force of a public record attach to the record: Pepper's Appeal, 77 Pa. 373; Act of April 6, 1876, P. L. 18 sec. 1,

Appellee contends that the appellant's appeal from the judgment of the scire facias sur mortgage after assenting and admitting that the amount for which the verdict was rendered was due and owing on said mortgage, and there being no con-

test between the original holder and assignee of said mortgage, therefore, this appeal was not entered in good faith by appellant; that the same is dilatory and vexatious ; and that the penalty should be enforced as provided for by the Act of May 19, 1897, P. L. 67, sec. 21.    See Smead v. Stuart, 194 Pa. 578.

OPINION BY BEAVER, J., July 26, 1900 :

Two questions of practice are presented by the specifications of error in this case.

1. Is it necessary in a scire facias upon a mortgage which became a lien upon real estate in the lifetime of decedent to make his widow and heirs party thereto ?   The 34th section of the act of February 24, 1834, provides that "in all actions against the executors or administrators of a decedent who shall have left real estate where the plaintiff intends to charge such real estate with the payment of his debt, the widow and heirs or devisees and the guardians of such as are minors shall be made parties thereto," etc.    But a judgment or mortgage entered in the lifetime of the decedent was a charge upon the real estate when he died and the requirements of this act do not apply.    This was expressly decided in Chambers v. Carson, 2 Wh. 365, and Taylor v. Young, 71 Pa. 81.

2. Is the use plaintiff in a scire facias upon a mortgage where the mortgagee is upon the record as the legal plaintiff bound to prove the assignment under which he claims, in order to recover?   The appellant refers to Berks Co. v. Levan, 86 Pa. 360, and seeks to avoid the decision of this question therein, because the action was upon an official bond.    But the discussion is not limited to actions upon official bonds ; it is general, Mr. Justice SHARSWOOD remarking : "It was an error in the court below to suppose that an equitable plaintiff suing on a bond would be obliged to show his title to the obligation. It is never necessary, unless for the purpose of meeting and answering some defense which though good against the legal plaintiff is not good as against him, as, for example, payment to the legal plaintiff after notice of the equity."

It is true that, when plaintiff offered her assignment, which was merely entered upon the margin of the record of the mortgage and not regularly recorded and objection was made thereto, the court said, "You will have to prove it, if called for,"

but this was said in reference to the admissibility of the evidence contained in the offer and not as to the right of the plaintiff to maintain her suit. The entry upon the margin of the record of the mortgage did not entitle the assignment to be given in evidence, because it did not bring it within the provisions of the recording act and make it evidence of itself.

The defendant will have no difficulty in fully protecting the estate of the decedent, when he pays the judgment.

As to the motion for the imposition of the penalty, under the 21st section of the Act of May 19, 1897, P. L. 67, it is perhaps well to say that there is no evidence of bad faith in taking this appeal. Defendant is acting in a representative capacity and is, of course, desirous of doing his whole duty, and there is nothing apparent which indicates more than this.

Judgment affirmed.