# Phillips's Estate.

*Guardian and ward—Appointment of guardian—Notice to mother—Motion to vacate.*

The Superior Court will not reverse an order appointing a guardian, because the mother of the wards was not notified, where it appears that subsequently the mother had her day in court on her motion to vacate the appointment.

Argued Dec. 8, 1900. Appeal, No. 215, Oct. T., 1900, by Mary Phillips, from decree of O. C. Schuylkill Co., appointing a guardian of Mary and Emma Oakum. Before RICE, C. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for the appointment of guardian.

From the record it appeared that on July 24, 1899, the

orphans' court appointed Rev. J. H. Umbenhen as guardian of Mary and Emma Oakum without notice to the mother of the children.   On September 18, 1899, Mary Phillips, the mother of the said children, made an application to the orphans' court praying for the revocation of Mr. Umbenhen's appointment as guardian.   It appeared at the hearing that prior to the appointment of the guardian, Mrs. Phillips had relinquished the custody of the children to the directors of the poor, who had placed them in the Children's Home at Pottsville, and that it was at the instance of this institution, the guardian was appointed.   The children's father was dead, and they had no estate.   The court found that the mother was not a fit person to have custody of the children, and dismissed her application for the revocation of the appointment of guardian.

*Errors assigned* were (1) in not revoking the appointment of guardian. (2) In making the appointment of guardian.

*W. D. Seltzer* and *L. D. Haughawout*, for appellant, cited: Senseman's App., 21 Pa. 331; Corwin's App., 126 Pa. 326.

*Rufus A. Dentzler* and *W. K. Woodbury*, with them *John G. Smith* and *A. W. Schalck*, for appellee, cited: McCann's App., 49 Pa. 304; Gray's App., 96 Pa. 243; Lee's App., 27 Pa. 229; Pote's App., 106 Pa. 574; Brown's Est., 166 Pa. 249; Com. v. Lacias, 1 Northampton, 273; Graham's App., 1 Dallas, 136; Com. v. Addicks, 2 S. & R. 174; Heinemann's App., 96 Pa. 112; Act of May 4, 1855, P. L. 430; Com. v. Bigelow, 1 Legal Chronicle Rep. 291; Com. v. Muir, 1 Leg. Record, 153; Hinkle v. Passmore, 11 Lanc. Bar. 107; Com. v. St. John's Orphan Asylum, 9 Phila. 571; Com. v. Gilkeson, 1 Phila. 194; Com. v. DeGiglio, 6 Phila. 304; Com. v. Smith, 1 Brewster, 547; Com. v. Nutt, 1 Brown, 143; Com. v. Barney, 4 Brewster, 408; Com. v. Hart, 8 W. N. C. 156; Com. v. Ashton, 8 W. N. C. 563; Com. v. Adams, 16 Phila. 516; Com. v. Miller, 8 Pa. C. C. R. 525.

OPINION BY WILLIAM W. PORTER, J., February 18, 1901:

Conceding, for the purposes of discussion only, that the mother was entitled to notice of the intended application for

the appointment of a guardian for her children, the purpose of such notice could only be to afford her an opportunity to appear and exhibit to the court any facts or reasons within her knowledge adverse to the appointment. On the motion to vacate, opportunity was given to the mother to be heard on the merits. Every advantage which she could have had if notified of the original application was preserved to her by the court below on the motion to vacate. Hence, it is apparent that even if the original appointment were improvidently made, the rehearing saved all the rights the mother may have had. Upon the facts then appearing, the court, in a wise exercise of its discretion, reaffirmed the appointment theretofore made.

The decree is affirmed.