## Elton's Estate.

*Appeals—Orphans' court—Findings of fact—Review.*

1. A finding of fact by the orphans' court as to a charge made by a trustee for furnishing power, heat and janitor service from a property owned by himself to a property owned by the trust estate, will not be reversed by the appellate court where such finding is based upon sufficient evidence, and no gross or manifest errors are made to appear.

*Trust and trustees—Failure to invest—Surcharge—Interest—Discretion of orphans' court—Act of March 29, 1832, P. L. 190.*

2. The discretion of the orphans' court exercised under the Act of March 29, 1832, sec. 18, P. L. 190, in charging a trustee five per cent interest on a portion of the trust fund left uninvested for a period

of nine years without any explanation, will not be reversed by the appellate court.

Argued Oct. 13, 1911. Appeal, No. 180, Oct. T., 1911, by Rebecca B. Stokes, from decree of O. C. Phila. Co., Jan. T., 1885, No. 215, dismissing exceptions to adjudication in Estate of Anthony Elton, deceased. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Affirmed.

Exceptions to adjudication.
The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Owen B. Jenkins*, for appellant.—The trustee should have been surcharged with interest at six per cent on the missing $4,459.57: Landis v. Scott, 32 Pa. 495; Flynn's Estate, 21 Pa. Superior Ct. 126; Bosler's Est., 161 Pa. 457; Harland's Account, 5 Rawle, 323; Harlacher's Est., 5 Northampton County, 101; Whitecar's Estate, 147 Pa. 368; Kidder's Estate, 3 Kulp, 443; Sharp's Est., 5 Lanc. Law Rev. 176; Bierman's Est., 5 York Leg. Rec. 57.

*Joseph Savidge*, for appellee, cited: Whitecar's Estate, 147 Pa. 368.

OPINION BY BEAVER, J., March 1, 1912:
The appellant raises two questions by this appeal.
The first is the proper charge to be made by the appellee, who was trustee of the estate of a decedent, against the estate, for power, heat and janitor service furnished from a boiler on property owned by him adjoining the trust estate, where the engineer of the boiler acted as janitor for the building belonging to the estate. The question depended entirely upon the testimony of witnesses produced by the trustee and the appellant before the auditing judge. As a result of this evidence, the court

made a surcharge of a part of the amount of the charge made by the trustee, which was confirmed by the court in banc, upon exceptions. This was purely a question of fact, and, having been found by the auditing judge and confirmed by the court below, under the well-settled rule uniformly held, it will not be disturbed here, except for gross and manifest error. Such error is clearly absent from the case, first, because the finding of the judge was justified in our view of the evidence, and, second, was acquiesced in by the other parties interested in the estate.

The second question is thus stated by the appellant: "Will a trustee be allowed to withhold $4,459.57 from his trust fund for a period of nine years, and, without explaining to the court its use during that time, be subjected to a less charge than six per cent interest thereon?"

The Act of March 29, 1832, P. L. 190, relating to orphans' courts, provides, in its fourteenth section: "When an executor, administrator, guardian or trustee shall have in his hands any moneys, the principal or capital whereof is to remain for a time in his possession, or under his control, and the interest, profits or income thereof are to be paid away, or to accumulate, or when the income of a real estate shall be more than sufficient for the purposes of the trust, such executor, administrator, guardian, or trustee may present a petition to the orphans' court of the proper county, stating the circumstances of the case, and the amount or sum of money which he is desirous of investing; whereupon, it shall be lawful for the court, upon due proof, to make an order directing the investment of such moneys in the stocks or public debt of the United States, or in the public debt of this Commonwealth, or in the public debt of the city of Philadelphia, or on real securities, at such prices or on such rates of interest and terms of payment respectively as the court shall think fit; and, in case the said moneys shall be invested conformably to such directions, the said executor, administrator, guardian or trustee, shall be exempted from all liability for loss on the same in like manner as if such investments had been made

in pursuance of directions in the will or other instrument creating the trust: Provided, That nothing herein contained shall authorize the court to make an order contrary to the direction contained in any will or other instrument in regard to the investment of such moneys."

This provision was made, as manifestly appears, for the purpose of relieving a trustee of any liability occasioned by an investment directed by the court. Where, however, the trustee has made an investment without such an order and it proves to be an unwise one and he is surcharged, as he was in the present case, as we understand it, we can see no reason why the court has not the same control over the rate of interest as though it had been fixed in advance, as provided in the act. The object of the surcharge and the rate of interest is to make the estate whole, and in this case the court added one per cent above what in its opinion might have been a fair rate of interest at the time the surcharge was made.

In his opinion, auditing the account of the trustee, the court says: "With regard to the funds held by the accountant uninvested, to wit, $4,459.57, which apparently came into his hands in January, 1902. These moneys should undoubtedly have been invested and the accountant must be surcharged with interest thereon. The auditing judge fixes the rate at five per cent. The legal rate of interest is six per cent. It is quite probable that the trustee might only have been able to get four per cent but the estate was entitled to have this money invested and as no explanation as to why it was not invested was submitted to the auditing judge, he thinks it reasonable that the accountant should now pay at the rate of five per cent."

Upon exceptions filed, the court in banc confirmed the adjudication of the auditing judge, saying: "As to the surcharge of interest upon the uninvested funds, this also rested in the discretion of the auditing judge," quoting the eighteenth section of the act of March 29, 1832, P. L. 190, which relates to executors, administrators and guardians, and citing Whitecar's Estate, 147 Pa. 368, and clos-

ing: "The auditing judge having, in his discretion, fixed the amount at 5 per cent, we do not feel justified in changing that rate which he, after due deliberation, considered to be proper.

In Whitecar's estate, the court in banc said: "We agree with the auditing judge that a surcharge of 1 per cent per annum will not more than represent the loss to the cestui que trust by the failure to invest;" the money having been deposited in a saving fund upon which four per cent, three and one-half per cent and three per cent was paid at different times. In this case, the Supreme Court affirmed the decree upon the opinion of the learned judge of the orphans' court, in which the principle of making the estate good was distinctly recognized.

It is quite true that in Flynn's Estate, 21 Pa. Superior Ct. 126, we charged the trustees of the estate six per cent, but that was based upon the evidence, which was clear and distinct, that the trustees had invested the money in their own business, that they made more than six per cent out of the money, and that they were paying more than that amount to others from whom they borrowed. In that case, of course, the grounds upon which our decision rested justified the charge, because it did not more than make the estate whole. In his opinion in this case, our Brother ORLADY says, referring to the obligation which rested upon the trustees: "It was their duty to protect this fund, and they received it when a large portion of it carried six per cent interest. Under their own testimony, it was a profitable trust to them by the investment in their own business, when they were obliged to pay a higher rate of interest for the use of outside funds. They intermingled the trust funds with their own; and, however honest their intentions, they subjected this trust fund to the risk of business ventures, some of which were purely speculative." Under the circumstances of this case, the interest charge could not have been less than the legal rate, if the trust estate was to be held inviolate and the cestui que trustent were to receive reasonable return for

the money held by the trustees, and this, notwithstanding the provision of the will under which the funds were held in that case, that the trustees were to place the cash balance of the estate, after payment of debts, in good, solvent securities, bearing a reasonable interest. To the will was a subjoined note, in which the testator said: "Let the securities be the very best and safely placed where my wife can receive the income, but out of all speculating or risk of loss."

As we understand the original surcharge made in the fourth account of the trustee, the account under consideration being his fifth, the fund arose out of a surcharge against him of an investment upon a property which was subsequently sold upon a foreclosure of the mortgage with which he was surcharged. There is no testimony, so far as we can discover it, to show what the income of the building which, as we understand it, the trustee now holds, was, but the opinion of the auditing judge and of the orphans' court in banc, based upon their knowledge of conditions governing investment of trust funds, which is quite equal to, if not superior to, ours, acquiesced in by all the other distributees, convinces us that the rate fixed by the auditing judge and confirmed by the court in banc, was a reasonable return to the trust estate and made it whole, and should, therefore, stand.

The decree of the court below is affirmed and the appeal dismissed at the costs of the appellant.