RHODA E. JONES, also known as RHODIE E. JONES,

*vs.*

HARLEY R. BODLEY, Executor of the Estate of William Fortner, deceased.

*New Castle, May 31, 1949.*

*Philip Cohen,* for the plaintiff.

*William Prickett,* for the defendant.

*William Poole,* of Southerland, Berl & Potter, was permitted to file a brief for Ella Fortner David, Emily Fortner Mannering, Louise Fortner Rowland, Phyllis Fortner Sylvester and Willanna Fortner Van Horn, five of the residuary legatees under the will of William Fortner, deceased.

HARRINGTON, Chancellor: Rhoda E. Jones filed a bill against Harley R. Bodley, executor of the estate of William Fortner, deceased, seeking to impress a resulting trust on a bond and mortgage for $3500.00, in which Fortner was the mortgagee. Shortly thereafter, with the plaintiff's consent, the mortgage was paid to the defendant executor, and the principal fund, together with $84.50 accrued interest thereon, was deposited in bank to his account. After a hearing, this court found that the fund secured by the mortgage belonged to Rhoda E. Jones, and on November 1, 1944, entered a decree in her favor. 28 *Del. Ch.* 191, 39 *A.* 2d 413.

A subsequent petition of the defendant for leave to file a bill of review on the ground of after discovered evidence, and a motion for a rehearing on that petition were denied. Bodley, the defendant executor, appealed the case to the Supreme Court, but the decree of this court was affirmed. 30 *Del. Ch.* 480, 59 *A.* 2d 463. The money originally secured by the mortgage was on deposit in a bank to the credit of the defendant executor awaiting the determination of the rights of the parties and earned nothing. Immediately after the opinion was filed by the Supreme Court and before the mandate came down, the executor attempted to deliver the trust *res* ($3584.50) to the plaintiff, or to her attorney, but the offer was refused on the ground that she was also entitled to interest on the fund at the legal rate from the date of the entry of the decree of this court. The plaintiff shortly thereafter sought an attachment against the defendant executor to compel the payment of such interest. By an order of this court dated February 2, 1949, the fund in the hands of the executor was paid to the plaintiff, without prejudice to her right to demand interest.

The sole question is whether Bodley, the defendant executor, as the involuntary trustee of the resulting trust, is chargeable with interest on the fund belonging to the plaintiff. Her claim seems to be based on the theory that interest at the legal rate should be allowed as damages for the defendant's delay in turning over the fund after the entry of the decree of this court establishing the trust.

The liability of a trustee to pay interest on a fund in his hands usually depends upon the nature of the trust and the circumstances attending its administration. *In re Kipp's Estate,* 286 *Pa.* 90, 132 *A.* 822; *Hinchman v. Fry,* 89 *Ind. App.* 79, 147 *N.E.* 724; 65 *C.J.* 824. But as a general rule no interest should be allowed if a delay in payment is due to an appeal from an original decree in good faith and on reasonable grounds, unless interest on

the fund was, or should have been, received by the trustees. 2 *Scott on Trusts,* § 207.1; *Restatement, Trusts,* § 207; *Hinchman v. Fry, supra.*

The disputed asset came into Bodley's possession in his representative capacity, as a part of the Fortner estate, but the plaintiff sought to charge him as an involuntary trustee. It was, therefore, Bodley's privilege, as well as his duty, to take such steps as were reasonably necessary to preserve the apparent assets of the estate. See *Hiyer v. Haywood,* 14 *Pa. Super.* 56.

The decree of this court was based on what was held to be an admission in writing signed by Fortner recognizing the rights of the plaintiff, but it cannot be said that no other conclusion could have been reached and that the appeal by the executor was frivolous and unjustified.

Conceding the general rule in analogy to judgments in actions at law that "a decree in the Court of Chancery for the payment of money bears interest from the date of its entry" (*Missouri-Kansas Pipe Line Co. v. Warrick,* 25 *Del. Ch.* 388, 22 *A.* 2d 865, 868), equitable considerations may affect that rule in particular cases. *Tannenbaum v. Seacoast Trust Co.,* 131 *N.J. Eq.* 93, 25 *A.* 2d 533; *Agnew Co. v. Board of Education,* 83 *N.J. Eq.* 49, 89 *A.* 1046; *Kaifer v. Kaifer,* 286 *Ill. App.* 433, 3 *N.E.* 2d 886.

In the *Missouri-Kansas Pipe Line Company* case, supra, the facts indicated an unreasonable delay in carrying out the order of the Chancellor directing the payment of a claim for services rendered to the corporation, from funds in the hands of a receiver, and the statement of the court was made in connection with those facts.

This case does not involve the use of funds by the defendant executor for the benefit of the estate. Cf. *Kenton Ins. Co. v. First National Bank,* (*Ky.,*) 19 *S.W.* 841.

Under the circumstances, the plaintiff's motion for the issuance of an attachment is denied.

An order will be entered accordingly.