# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA

## Commonwealth to use v. Messinger, et al., Appellants.

*Principal and surety—Trusts and trustees—Trustee in two ca-
pacities—Price act—Breach of condition—Discharge of surety.*

1. When an executor or administrator also occupies some other
character with regard to the estate, such as guardian or trustee,
it will be presumed that the property in his hands is held in that
capacity in which he ought to receive it, and upon the termina-
tion of his duties in one capacity, the property is transferred by
operation of law to his possession in the other so as to release the
sureties on the bond in the former capacity from further liability.

2. In an action against the personal representatives of a de-
ceased surety upon a bond given under the Price Act to secure the
proper application of purchase money by a trustee appointed by
the court to sell real estate, binding instructions for the defend-
ants are proper, where it appears that the principal obligor on such
bond was also testamentary trustee of the lands so sold, that the
decree surcharging him was based upon a finding that he as trustee
under the will had received the full sum that as trustee under
appointment of court he had received from the sale of the real
estate, and that the particular breach declared upon by the plain-
tiff was of duty as trustee under the will. This is particularly
true where it appears from the evidence that for a period of
twelve years following the execution of the order of sale the cestui
que trust under the will, who was use plaintiff in the action, had
received from such trustee the interest upon the moneys derived
from the sale of the real estate.

2 COMMONWEALTH *v.* MESSINGER, et al., Appellants.

Argued March 4, 1912. Appeal, No. 327, Jan. T., 1911, by defendants, from judgment of C. P. Northampton Co., Feb. T., 1910, No. 25, on verdict for plaintiff in case of Commonwealth of Pennsylvania to the Use of Victor V. More, Trustee of Emeline M. More, under the last Will and Testament of Michael Meyers, deceased, v. George F. Messinger and Charles A. Messinger, Executors of the last Will and Testament of Samuel S. Messinger, deceased, who was a co-obligor with O. H. Meyers and C. M. Anstett, deceased. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit on a penal bond. Before SCOTT, P. J.

The opinion of the Supreme Court states the case.

Verdict in favor of plaintiff by direction of the court.

*Error assigned,* among others, was in discharging defendant's rule for judgment non obstante veredicto.

*W. S. Kirkpatrick,* of *Kirkpatrick & Maxwell,* for appellant.—The sureties upon the bond required to be given by the Price Act are only responsible until the principal obligor as special trustee accounted to himself and as trustee under the will for the purchase moneys: Packer's Est., 3 Brewst. 527; Spencer v. Jennings, 123 Pa. 184; Holmes's Appeal, 53 Pa. 339; Taylor's Est., 1 Chester County, 103; Com. v. West, 1 Rawle 29; Com. v. Toms, 45 Pa. 408; Com. v. Gilson, 8 Watts 214; Com. v. Hilgert, 55 Pa. 236.

No breach was alleged or shown of the condition of the bond, or any default or devastavit of the trustee in the special trust created by the order of sale: Com. v. Stub, 11 Pa. 150; Com. v. Fretz, 4 Pa. 344; Com. v. Moltz, 10 Pa. 527.

*E. J. Fox,* of *E. J. & J. W. Fox,* with him *James T. Woodring,* for appellee.—The proceedings and decree of

the Orphans' Court, unappealed from, establishes the devastavit of the decedent as his principal and is conclusive upon the sureties: Commonwealth v. McDonald, 170 Pa. 221; Pleasonton's Est., 232 Pa. 381; Boyd v. Commonwealth, 36 Pa. 355; Little v. Commonwealth, 48 Pa. 337.


OPINION BY MR. JUSTICE STEWART, July 2, 1912:

Michael Meyers by his last will devised to his son Oliver H. Meyers, whom he also appointed his executor, a certain farm, in trust, directing that the trustee should divide it in four purparts of equal value as nearly as might be, and allot to each of his four daughters named a purpart, giving them the right to select in a prescribed order. This further provision followed: "But my said son Oliver Horatio Meyers shall hold the titles to the four several lots in trust nevertheless for my four hereinbefore mentioned respective daughters, during their respective lifetime, and after the death of my respective daughters, the said respective devises as aforesaid shall go to and be vested in the children of my respective daughters, absolute as tenants in common, the child or children of each of my respective daughters shall take its or their parent's lot only. Should any one or more of my said daughters die without leaving a child or children; or such child or children should die before it or they should arrive at the age of twenty-one years and without leaving issue, then the lot or lots of which any of my said daughters should have been entitled to, shall go to and be vested in the others of my said daughters and be parted and divided by my said son Oliver Horatio Meyers, and the title shall be held by him in trust nevertheless for my said respective surviving daughters as aforesaid." Division of the farm followed and the several allotments were made. We are here concerned only with that accepted by the daughter Emeline M. More. On 18th March, 1871, Oliver H. Meyers, as executor of and trustee under the last will

4 COMMONWEALTH <em>v.</em> MESSINGER, et al., Appellants.

and testament of Michael Meyers, deceased, presented to the Orphans' Court a petition praying for an order to sell the purpart allotted Mrs. More, setting forth therein such conditions with respect to the purpart and Mrs. More's circumstances in relation thereto, as gave jurisdiction to the court. The order issued, bond was given with two sureties, the purpart was accordingly sold, and return having been made the sale was duly confirmed. Oliver H. Meyers died 20th March, 1907, without having settled any account as trustee of Mrs. More, and, so far as we are informed, without having filed any account as trustee under the will of Michael Meyers. On 2nd March, 1908, Victor V. More was appointed by the Orphans' Court trustee of the estate of Emeline M. More, and at his instance a citation issued directed to the personal representative of Oliver H. Meyers, deceased, to file an account of her intestate as trustee as aforesaid. No account having been filed pursuant to the citation, an auditor was appointed to settle the account. Nothing entered into the account of the auditor except the money returned by the former trustee as the price realized for the purpart sold at judicial sale, and with that amount, $3,750, he was charged, together with interest from 1884, it having been admitted that all prior interest had been paid by the former trustee to Mrs. More. The report having been confirmed and no appeal taken, demand for payment was made, but the estate of the former trustee proving insolvent the whole amount received thereout was $188.36. Thereupon this action was begun by the present trustee of Mrs. More, to recover on the bond given by the former trustee in connection with the order granted him to sell the real estate. Samuel S. Messinger was one of the sureties on the bond, but having died, the suit was brought against his personal representatives. The trial resulted in a judgment for the full amount demanded, and we have now this appeal.

Of the numerous assignments of error filed we need consider but one, the refusal of the court to hold that under all the evidence the verdict should be for the defendant. The decree of the court fixing a devastavit on Oliver H. Meyers is based upon this express finding: "That these two amounts (making a total of $3,750) were the amounts that came into the hands of Oliver H. Meyers, trustee of Emeline M. More, under the last will and testament of Michael Meyers, deceased, to be applied to the purposes of the trust, as set forth in the said last will and testament." The breach on part of Oliver H. Meyers declared upon in plaintiff's statement is as follows: "That the said Oliver H. Meyers did not faithfully execute the trust he accepted under the last will and testament of the said Michael Meyers, and did not properly apply all the moneys received by him as trustee as aforesaid to the said trust, but diverted the same to his own use, so that on the 8th day of February, A. D. 1909, the Orphans' Court of this county adjudged and decreed that he was indebted to the cestui que trusts in the sum of $9,161.88." Neither as trustee under the will of Michael Meyers, nor as trustee of Emeline M. More, did Oliver H. Meyers ever give bond, nor was he under any duty to do so. The only bond he gave was a special one in connection with the order directed to him to sell. This order was not directed to him as trustee under the will of Michael Meyers, however expressed, for the court could add nothing to his duties and powers as testamentary trustee beyond what the will itself imposed and gave, but to him as representative of the court. The condition of that bond, in which defendant's decedent joined as surety, was "That if the said Oliver H. Meyers, trustee as aforesaid, shall faithfully execute said trust and shall properly apply all moneys to be received according to the trust and decree of the court, then this obligation to be void, etc." That Oliver H. Meyers committed a devastavit is settled conclusively by the decree of the court unappealed

from; but in what capacity, and with respect to what fund? The finding of the auditor on which the decree was based was that it was with respect to funds that came into his hands as trustee of Emeline M. More, under the last will and testament of Michael Meyers, deceased, to be applied to the purposes of the trust as set forth in the last will and testament. These funds could only have come into his hands as such trustee from himself as trustee appointed by the court to make sale of the real estate. As we have seen the declaration follows the language of the auditor's finding and charges that he did not faithfully execute the trust he accepted under the will, and did not properly apply the money received by him as such trustee. Admitting the breach as averred, did liability result to the sureties on the bond given to sell the real estate? This is the one question in the case. How, as trustee to sell, O. H. Meyers paid over to himself as trustee under the will, the proceeds of sale, is not for us to inquire. Neither the finding of the auditor nor the statement of the breach will admit of other construction than he did somehow or other pay it over to himself as trustee under the will. For the purpose of argument, suppose it was done in the most formal way, that he actually received in cash as trustee under the will the full amount of the proceeds of sale from himself as trustee to sell, it certainly could not be questioned that he would be irrevocably fixed for such devastavit by this decree as trustee under the will. The unfortunate thing about it would be the want of security to answer the default; but the decree nevertheless would be final and conclusive against himself, and he could be held to answer to the utmost. Now if the decree against him was as trustee under the will, it entailed no liability on the bond given for the special purpose of sale. It could not be a decree covering both relations. The obligation on the bond is to pay all moneys received according to the trust and the decree of the court. The trust here con-

templated was that committed to him by the court, and not the trust committed to him by the will. Regularly an account of such special trust should have been filed, and a decree for payment obtained. Had such account been filed, the decree would have been, except as cause could be shown to the contrary, to pay over to the trustee under the will. However much Oliver H. Meyers was delinquent in this regard, since the fund was in fact paid over to the party who was entitled to receive it, and to whom he would have been ordered to pay it, such delinquency would not work a forfeiture of the bond as against the sureties. "When an executor or administrator also occupies some other character with regard to the estate, such as guardian or trustee, it will be presumed that the property in his hands is held in that capacity in which he ought to receive it, and upon the termination of his duties in one capacity the property is transferred by operation of law to his possession in the other so as to release the sureties on the bond in the former capacity from further liability. It is in some cases difficult to say when the transfer of possession from one capacity to another takes place, but it is well settled that when property has been received in one capacity the change in order to shift the responsibility of the sureties, must be evidenced by some overt act or express election to hold the property in the other capacity" : 18 Cyc. 1258; Seegar v. State, 6 Haris & Johnson (Md.) 162; Newcomb v. Williams, 50 Mass. 525; Simpson's App., 18 W. N. C. 175. We are relieved of all inquiry on this point by the clear admission in the pleadings and the finding of the auditor to the effect that Oliver H. Meyers as trustee under the will received the full sum that the trustee under appointment of the court received on the sale of the real estate. But even were it otherwise, and the question were to be resolved by the evidence in the case, the mere fact that for a period of twelve years following the execution of the order of sale, Mrs. More received regularly from Oliver

H. Meyers the interest on the money derived from the sale of the real estate, would be most persuasive of an understanding on the part of both, that the money had passed out of the hands of the trustee to sell and into the custody of the trustee under the will, the only party to whom it could be paid. What then becomes of the decree fixing Oliver H. Meyers, trustee under the will of Michael Meyers, with a devastavit? The answer is, that it remains unaffected by what is done in this case, and stands, except as it may hereafter be reviewed, against the principal debtor. All we here decide is that no bond of Oliver H. Meyers as trustee under the will of Michael Meyers in which the appellant's decedent joined as surety having been offered in evidence, there is nothing upon which the judgment in the case could rest. The assignment of error is sustained and the judgment is reversed.