## Skeer's Estate (No. 2).

*Practice, O. C.—Auditors—Recommitment of report—Questions to be considered on recommitment.*

Where an auditor's report has been recommitted to him for the purpose of ascertaining and reporting the value of the interest of decedent in a firm which has been liquidated, the auditor properly refuses to consider questions which he is not required to report upon in the order of recommitment.

Argued March 10, 1915. Appeal, No. 195, Jan. T., 1914, by Marion J. Skeer, Administratrix of Charles O. Skeer, Jr., deceased; Flora A. Skeer Harman, Lloyd B. Skeer, Joseph A. Skeer, Anna M. Skeer, Emily Packer; Emily Packer, Administratrix of J. Benham Packer, deceased; A. B. Hazlett and Jennie A. McDonnell, Executors of the estate of Sarah H. Hazlett, deceased, and Annie Randall, from decree of O. C. Carbon County, dismissing exceptions to report of auditor in Estate of Charles O. Skeer, deceased. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Exceptions to report of Jacob C. Loose, Esq., auditor. Before STRAUSS, J., specially presiding.

The facts are stated in Skeer's Est. (No. 1), 249 Pa. 288, and in the opinion of the Supreme Court.

The court dismissed the exceptions.   The heirs of Charles O. Skeer, deceased, appealed.

*Errors assigned* were in dismissing the exceptions.

*John G. Johnson,* with him *W. G. Freyman, C. Wilson Roberts* and *H. Montgomery Smith,* for appellants.

*Robert B. Honeyman,* with him *Edward J. Fox,* for appellees.

OPINION BY MR. JUSTICE FRAZER, April 26, 1915:

This is an appeal by the heirs from the decree of the lower court confirming the report of the auditor surcharging the executrix of the estate of Charles O. Skeer for money embezzled by her attorney in fact.  The facts of the case are fully stated in an appeal from the same decree, by Ellen B. Skeer, the administratrix, in an opinion herewith filed.

The heirs now contend that interest should have been allowed on the principal of the surcharge from the time the embezzlement occurred, and also on the balance in the hands of the executrix up to the time of filing her account.   They also contend that as accountant was solely responsible for the long and expensive litigation caused by her attempt to avoid the surcharge, she should be required to pay the costs of the several audits and appeals and should be refused commissions.   The auditor declined to impose such penalties on the ground that when the report was recommitted to him it was for the sole purpose of ascertaining and reporting the actual value of the interest of decedent in the firm of Linderman & Skeer and that all other matters were beyond the scope of his inquiry.   He therefore allowed only the costs of the present audit and interest from the date of the

former decree of this court.  The lower court sustained his action and this appeal followed.

All these matters relate to the question of extent of liability to surcharge, and necessarily depend upon the circumstances of the case.  They must therefore be considered as having been adjudicated in the former judgment of this court and are not before it in this proceeding, which was allowed solely for the purpose of correcting alleged errors in the computation of the interest of the decedent in the firm of Linderman & Skeer, as was pointed out in accountant's petition for review.

The appeal is dismissed.