## Skeer's Estate.

*Judgments—Interest on judgments—Administrator's account— Exception—Decree—Appeal—Interest pending appeal—Allowance of interest—Act of March 29, 1832, P. L. 190—Practice, O. C.*

1. The general rule that judgments carry interest from the date of entry is modified in the case of executors and administrators' accounts by the Act of March 29, 1832, P. L. 190, Section 17, providing that "no executor or administrator shall be liable to pay interest but for the surplusage of the estate remaining in his hands or power when his accounts are, or ought to be, settled," and that the amount of interest to be paid in all cases "shall be determined by the Orphans' Court under all the circumstances of the case."

2. Where an account has been filed and a formal decree entered and confirmed, and no excuse exists for delay in carrying out the order, the accountant is properly chargeable with interest.

3. Where there are exceptions to an account payment cannot

safely be made until the exceptions are disposed of and a final decree entered, and the question of the addition of interest·must be settled in view of the circumstances of the proceeding and the final result thereof.

4. Where, pursuant to a decree of the Supreme Court, a final decree was entered in the court below charging an administratrix with an undisputed balance and also with an item of surcharge, and upon a bill of review as to the amount of the surcharge such amount was materially reduced, from which latter decree both the accountant and heirs appealed and both appeals were dismissed, the lower court did not err thereafter in entering a decree in which no interest was allowed the heirs during the pendency of such appeals.

Argued March 20, 1916. Appeal, No. 310, Jan. T., 1915, by Marion J. Skeer, Administratrix of Charles O. Skeer, Jr., Deceased; Flora A. Skeer Harman, Lloyd B. Skeer, Joseph A. Skeer, Anna M. Skeer, Emily Packer, Administratrix of J. Benham Packer, Deceased; A. B. Hazlett and Jennie A. McDonnell, Executors of the Estate of Sarah H. Hazlett, deceased, and Annie Randall, from Decree of O. C. Carbon County, sustaining exceptions to auditor's report in Estate of Charles O. Skeer, Deceased. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Exceptions to auditor's report. Before STROUSE, J., specially presiding.

The facts appear by the opinion of the Supreme Court.

The lower court sustained exceptions to the report of the auditor and entered a decree of distribution in which no interest on the shares for distribution was allowed the heirs, either as to the amount of surcharge or the original undisputed balance. Exceptants appealed.

*Error assigned*, among others, was the decree of the court.

*John G. Johnson*, with him *W. G. Freyman, C. Wilson Roberts*, and *H. Montgomery Smith*, for appellants. —The heirs are entitled to interest on the amount due

from the date of the final decree in the Orphans' Court: Bruner's App., Gray's App., 57 Pa. 46; Withers' App., 16 Pa. 151; Yundt's App., 13 Pa. 575; Watson v. Mc-Manus, 223 Pa. 583.

*Edward J. Fox,* with him *James W. Fox* and *Robert B. Honeyman,* for appellee.—Under the circumstances of this case the accountant cannot be charged with interest on funds pending the appeals: Withers' App., 16 Pa. 151; McElhenny's App., 46 Pa. 347; Dietterich v. Heft, Snyder v. Dietterich, 5 Pa. 87; Hoopes v. Brinton, 8 Watts 73.

OPINION BY MR. JUSTICE FRAZER, May 1, 1916:

Appellee, as administratrix of the estate of Charles O. Skeer, deceased, filed her account in 1909. Exceptions taken by the heirs were dismissed by the lower court, but on appeal to this court the decree was reversed, and accountant surcharged with the sum of $119,234.43, the value of decedent's interest in a certain partnership (Skeer's Est., 236 Pa. 404). Pursuant to this decision a decree was entered in the court below October 15, 1912, which included interest from the date of the decision of this court. There was also a general balance of $13,-621.02 for distribution among the heirs. Accountant then brought a bill of review alleging error in the amount of the surcharge, which was dismissed by the lower court, but, on appeal, this court granted a rehearing, and directed the report to be recommitted to the auditor for the purpose of ascertaining the value of the interest of deceased in the partnership in question. In a supplemental report filed by the auditor, the value of this interest was found to be $74,946.41, to which he added interest from May 13, 1912, the date of our former decree, to May 14, 1914, the date of filing his report, making a total surcharge of $83,153.04. Exceptions were filed to the supplementary report, by the heirs, March 12, 1914, and by the administratrix, March 21, 1914. Both

exceptions were dismissed by the lower court May 14, 1914, whereupon the administratrix appealed to this court June 6th, and the heirs June 8th. This court, subsequently, affirmed the decree of the lower court (Skeer's Est., No. 1, 249 Pa. 288, and Skeer's Est., No. 2, 249 Pa. 295). Following the action of this court the matter was resubmitted to the auditor, who entered a decree and schedule of distribution in which he included interest on the balance of the funds in the hands of the administratrix for distribution from the date of the decree of October 15, 1912, and interest on the amount of the surcharge from May 14, 1914. Exceptions filed by the administratrix to these items of interest were sustained by the court below, and from this decree the heirs have taken the present appeal. The question presented is the right of the heirs to interest on the two funds from the dates above mentioned.

While the general rule is that judgments carry interest from the date of entry, Section 17, of the Act of March 29, 1832, P. L. 190, provides that "no executor or administrator shall be liable to pay interest but for the surplusage of the estate remaining in his hands or power when his accounts are, or ought to be, settled." By Section 18, of the same act the amount of interest to be paid in all cases "shall be determined by the Orphans' Court under all the circumstances of the case." Where the account has been filed, and a formal decree entered and confirmed, and no excuse exists for delay in carrying out the order, the accountant is properly chargeable with interest as in such case the account would be one which "ought to be settled," and there are no "circumstances of the case" warranting a suspension of the rule that a judgment carries interest from date of entry: Withers' App., 16 Pa. 151. Where there are exceptions to the account, however, payment cannot safely be made until the exceptions are disposed of, and a final decree entered, as it is not until then the actual amount due is finally fixed. The question of addition of interest must at that

time be settled in view of the circumstances of the proceedings, and the final result thereof.

As a result of the bill of review brought by the administratrix a decree in the surcharge amounting to a considerable sum was secured by her. She should, therefore, not be punished for retaining the original sum, as that sum was not, in fact, due; nor should interest be computed on the amount actually found due in the proceedings for review, for the reason that until such decree was entered there was no way to determine the amount actually due, and, therefore, no sum which the administratrix should have paid, or which the heirs would have accepted. The heirs cannot complain that the delay was solely due to the action of the administratrix in appealing from the award, as they also appealed. Although it is true the exceptions to the decree, and appeal of the administratrix to this court were filed before those of the heirs, this slight difference in the time is not sufficient to warrant the conclusion that the delay was due entirely to the fault of the administratrix, especially as the heirs had taken the initiative in filing exceptions to the auditor's report, and gave every indication of an intention to dispute the decree to the end. Until a final decision was reached there was no fixed sum which the heirs could accept, or which the administratrix could pay, without taking the chance of paying more than she legally owed. On the whole, we cannot say that under the circumstances the court below committed error in refusing to add interest. Although the appeal of accountant was only partially successful, the heirs demanded more than she was bound to pay as in Dietterich v. Heft, Snyder v. Dietterich, 5 Pa. 87, where it was held a guardian was not liable for interest on the balance of his accounts while his exceptions were pending in the Orphans' Court and on appeal, the balance having been reduced by the appellate court. The heirs appealed, and as in Yoder's App., in Yoder's Est., 45 Pa. 394, accountant's appeal was decided at the same time as the appeal of the

heirs, and did not increase the period of delay. In the present case the circumstances amply warrant the conclusion of the lower court in refusing to allow interest.

The decree of the court below is affirmed.